UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JULIUS DONALDSON,<br><br>Plaintiff,<br><br>v.<br><br>MERRICK GARLAND, et al.,<br><br>Defendants. | No. 2:21cv1178 KJN<br><br><br><br>ORDER |

Plaintiff is a federal prisoner. On June 29, 2021, plaintiff was notified that he was required to file a request to proceed in forma pauperis on the correct form. Since that notice issued, this action was transferred to the Eastern District. Plaintiff now moves for a stay of this action because he is out to court, and not presently in the custody of the Bureau of Prisons.

"District courts have the discretion to stay proceedings pending before them." Patton v. DePuy Orthopaedics, Inc., 2019 WL 851933, at *3 (C.D. Cal. Feb. 21, 2019) (citing Landis v. N.A. Co., 299 U.S. 248, 254-55 (1936), and Lockyer v. Mirant Corp., 398 F.3d 1098, 1109 (9th Cir. 2005)); see also Confederated Tribes & Bands of Yakama Nation v. Airgas USA, LLC, 435 F. Supp. 3d 1103, 1127 (D. Or. 2019) ("This court has the inherent power to control its docket to 'promote economy of time and effort for itself, for counsel, and for litigants.'") (citation omitted). In deciding whether to grant a party's motion to stay, courts in this circuit typically consider the following three factors: "(1) [the] potential prejudice to the non-moving party; (2) [the] hardship

and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation[.]" DePuy, 2019 WL 851933, at *3 (internal quotations and citation omitted).

At the time he filed his motion for stay, plaintiff anticipated he would return to Herlong no later than August 21, 2021. However, review of the inmate locator maintained by the Bureau of Prisons ("BOP") confirms that plaintiff has not returned to the custody of the Bureau of Prisons.[1] Accordingly, the court finds good cause to impose a stay of this action pending plaintiff's return to Herlong.[2] This action is stayed for a period of three months. If, after three months, the BOP inmate locator reflects that plaintiff returned to BOP custody but did not submit his request to proceed in forma pauperis, the undersigned will recommend that this action be dismissed based on plaintiff's failure to prosecute.

The Clerk of the Court is directed to send plaintiff an application to proceed in forma pauperis by a prisoner used in this district.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for stay (ECF No. 9) is granted.

2. This action is stayed for three months.

3. Once plaintiff returns to Herlong, plaintiff shall file, within 21 days, a motion to lift the stay, accompanied by a completed application to proceed in forma pauperis on this court's form.

////

---

[1] The Court may take judicial notice of public records available on online inmate locators. See United States v. Basher, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of Bureau of Prisons' inmate locator available to the public); Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[2] "[A] motion to stay is nondispositive where it '[does] not dispose of any claims or defenses and [does] not effectively deny . . . any ultimate relief sought.'" James v. Ariz. Dep't of Corrs., 2019 WL 7494660, at *2 (D. Ariz. Aug. 14, 2019) (quoting S.E.C. v. CMKM Diamonds, Inc., 729 F.3d 1248, 1260 (9th Cir. 2013)). The motion to stay does not dispose of any claims or defenses and does not effectively deny any ultimate relief. Thus, the undersigned may resolve the motion to stay by order without full consent to the jurisdiction of a U.S. Magistrate Judge. 28 U.S.C. § 636(c).

4.  Plaintiff shall keep the court apprised of his current address at all times, even during the stay.  Local Rule 182(f).

5.  The Clerk of the Court is directed to send plaintiff an application to proceed in forma pauperis by a prisoner in the Eastern District of California.

Dated:  August 31, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/dona1178.sty