UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JULIUS DONALDSON,<br><br>Plaintiff,<br><br>v.<br><br>MERRICK R. GARLAND, et al.,<br><br>Defendants. | No. 2:21-cv-1178 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a federal prisoner, proceeding pro se and in forma pauperis, with this civil action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). On March 4, 2022, the court screened plaintiff's amended complaint and found plaintiff stated potentially cognizable Eighth Amendment claims against defendants Allred, Tuttle and Tabor, and a potentially cognizable negligence claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), against defendant United States (hereafter "defendant"). (ECF No. 19 at 1.) Defendant's motion to dismiss plaintiff's pleading for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, or, in the alternative, to dismiss for failure to state a claim under Rule 12(b)(6), is fully-briefed. (ECF Nos. 27, 29, 30.)

As discussed below, defendant's motion should be granted.

////

////

1

Plaintiff's Allegations

Plaintiff was incarcerated at the Federal Correctional Institution in Herlong, California ("FCI Herlong"), at all times relevant herein. Plaintiff alleges that on March 14, 2017, while working in the education department, he attempted to lift a large bag of books from a cart. (ECF No. 17 at 9.) He "felt & heard . . . a 'pop' sound, which also sent a jolt of pain through his right shoulder." (Id.) The gravamen of plaintiff's pleading is that he was not provided adequate medical care for his injury by defendants Allred, Tuttle and Tabor, and that the necessary medical care was unduly delayed. (ECF No. 17 at 1-18.) As to his claim under the FTCA, plaintiff alleges:

> defendant United States of America, by and through the actions of [its] employees, was negligent in their duty to provide the proper procedures for ensuring that medical injuries that are serious in nature, and require immediate and/or timely action/attention, are handled adequately in a timely, professional, and medically acceptable manner, and in accordance with the proper standard of care and conduct as set forth by California law, and the rights afforded to plaintiff by the Eighth Amendment of the United States Constitution.

(ECF No. 17 at 18-19.) Plaintiff then incorporates his allegations concerning his medical care related to his work injury. (ECF No. 17 at 19-20.) He further alleges that staff members at the Health Services Department of FCI Herlong breached their duties by failing to ensure plaintiff received necessary medical treatment "in a timely, professional, and medically acceptable manner, and in accordance with the standard of care and conduct as set forth by California law." (Id. at 20 ¶ 135.) Plaintiff seeks money damages.

Legal Standards

Motion To Dismiss Under Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure requires that an action be dismissed if the court lacks jurisdiction. "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996) (per curiam); see also Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1122 (9th Cir. 2010). When considering a motion to dismiss pursuant to Rule 12(b)(1), the Court is not "restricted to the face of the pleadings, but may review any evidence,

2

such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

"The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006). A jurisdictional attack may be facial or factual. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). A factual attack can rely on extrinsic evidence in arguing that subject-matter jurisdiction does not exist. Id. (citation omitted). Once the moving party presents evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction. Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering such a motion, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001)

(internal quotes and citation omitted), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002). Otherwise, the motion is treated as one for summary judgment. Lee, 250 F.3d at 688. There are exceptions for material which is properly submitted as part of the complaint and "matters of public record" which may be judicially noticed. Id. at 688-89. "If the documents are not physically attached to the complaint, they may be considered if the documents' 'authenticity . . . is not contested' and 'the plaintiff's complaint necessarily relies' on them." Id. at 688 (quoting Parrino v. FHD, Inc., 146 F.3d 699, 705-06 (9th Cir. 1998).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (*en banc*). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

Sovereign Immunity

Sovereign immunity shields the United States and its agencies from suit. FDIC v. Meyer, 510 U.S. 471, 475 (1994). "It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued." Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985). "The waiver of sovereign immunity is a prerequisite to federal-court jurisdiction." Tobar v. U.S., 639 F.3d 1191, 1195 (9th Cir. 2011). If a plaintiff cannot establish that the action against the United States falls within a waiver of sovereign immunity, the action must be dismissed. See Dunn & Black, P.S. v. U.S., 492 F.3d 1084, 1088 (9th Cir. 2007), citing Cunningham v. United States, 786 F.2d 1445, 1446 (9th Cir. 1986) (party seeking redress bears the burden to show that the United States has waived its immunity as to the specific claim asserted).

////

////

Inmate Accident Compensation Act ("IACA")

The Inmate Accident Compensation Act, 18 U.S.C. § 4126, authorizes the Federal Prison Industries to compensate inmates "for injuries suffered . . . in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(4). The United States Supreme Court has held that the IACA is the exclusive remedy against the United States for work-related injuries and bars a prisoner from suit under the Federal Tort Claims Act for work related injuries. United States v. Demko, 385 U.S. 149, 150-54 (1966).

Motion to Dismiss by Defendant United States

Defendant argues that plaintiff's FTCA claims should be dismissed because they are precluded by another statute, the IACA, which requires that all work-related claims for injuries sustained by an inmate be brought pursuant to its terms and expressly precludes relief under other statutes such as the FTCA. (ECF No. 27-1 at 3-5.) Defendant asserts that this includes claims alleging negligence of medical staff in treating work-related injuries.

In opposition, plaintiff contends he is suing defendant for "negligence in the ongoing failure to provide adequate medical care," "based on Eighth Amendment Constitutional violations; specifically deliberate indifference, as well as cruel and unusual punishment which resulted from unnecessary & wanton pain and suffering as a result of the deliberately indifferent actions of the responsible medical staff members and their failure to provide adequate medical care." (ECF No. 29 at 2.) He argues that he is not suing for any form of negligence causing the injury, but rather based on the extensive delay in receiving adequate medical care. (ECF No. 29 at 2.) Plaintiff asserts that defendant cannot shield itself from liability based on the fact that plaintiff's injury was sustained while working at the prison. (ECF No. 29 at 3.)

In reply, defendant reiterates that "[w]hen a prisoner is injured on the job, he cannot bring an action against the United States under the FTCA for that injury or for negligence by United States agents regarding the treatment of that injury." (ECF No. 30 at 1) (quoting Vander v. U.S. Dep't of Justice, 268 F.3d 661, 664 (9th Cir. 2001). Instead, plaintiff's sole remedy against the United States is under the IACA. Plaintiff "appears to conflate his Bivens claims with his claim

of negligence against the United States, asserting that his Eighth Amendment deliberate indifference allegations 'form the basis of the suit against the United States . . . and the negligence claim against them." (ECF No. 30 at 2, quoting ECF No. 29 at 2.) Further, the legal authorities relied upon by plaintiff (discussed below) do not support plaintiff's position. (ECF No. 30 at 2.) Because the court lacks jurisdiction over plaintiff's FTCA claim, defendant asks the court to grant the motion to dismiss without further leave to amend.

Discussion

The undersigned agrees that plaintiff mistakenly combines his Bivens claims with his claim of negligence against the defendant. As plaintiff was previously informed: "a Bivens action can be brought for constitutional violations; the FTCA provides a remedy only for common law torts." (ECF No. 15 at 9.)

Contrary to plaintiff's arguments, plaintiff's position is not supported by Wooten v. United States, 825 F.2d 1039 (6th Cir. 1987). Rather, as the Ninth Circuit subsequently explained,

> [s]ection 4126 [the IACA] is ... the exclusive remedy when a work-related injury is subsequently aggravated by negligence and malpractice on the part of prison officials...." Wooten v. United States, 825 F.2d 1039, 1044 (6th Cir.1987). Or, as the Fifth Circuit put it, "[d]espite the appellant's allegation that the negligence of the hospital worker occasioned further injuries, for which he seeks damages, he is barred from litigating the matter under the Federal Tort Claims Act since the cause of his original injury was work-related...." Thompson v. United States, 495 F.2d 192, 193 (5th Cir.1974) (per curiam). District courts have said the same thing. See Byrd v. Warden, Fed. Det. Headquarters, 376 F.Supp. 37, 38-39 (S.D.N.Y.1974); Jewell v. United States, 274 F.Supp. 381, 382-83 (N.D.Ga.1967).

Vander v. U. S. Dept. of Justice, 268 F.3d 661, 663-64 (9th. Cir. 2001). Moreover, while the court acknowledged that the prisoner could recover for injuries sustained while performing nonwork-related tasks (id. at 663-64), in this case plaintiff asserts no injuries sustained from tasks that are not work-related. Instead, plaintiff contends that his injuries resulted from the extensive delay in receiving medical treatment. But plaintiff's injuries remain a result of the injury to his shoulder sustained while plaintiff was performing his prison job; any further aggravation of the injury as a result of the negligent provision or omission of medical care, including such delay,

bars plaintiff from pursuing claims under the FTCA. Wooten, 825 F.2d at 1044; Vander, 268 F.3d at 663-64. Plaintiff provides no legal authority to the contrary.

Here, there is no dispute that plaintiff seeks relief in this case for work-related injuries because his shoulder was injured when he was working at the prison. Because plaintiff was injured on the job, the IACA is the exclusive remedy for his injuries. "When a prisoner is injured on the job, he cannot bring an action against the United States under the FTCA for that injury or for negligence by United States Agents regarding treatment of that injury." Vander, 268 F.3d at 664. As such, the exclusive remedy against the United States for plaintiff's injuries in this case is the IACA. Demko, 385 U.S. at 151-52. For this reason, the court lacks jurisdiction over plaintiff's FTCA claim, and such claim should be dismissed.

Further, plaintiff's reliance on Carlson v. Green, 446 U.S. 14, 16 (1980), is also misplaced. Carlson involved an action for damages against individual federal government employees pursuant to Bivens, not against the United States. Carlson, 446. U.S. at 17. In Carlson, the Court recognized a damages remedy against federal prison officials for failure to provide adequate medical treatment under the Eighth Amendment's Cruel and Unusual Punishment Clause. Id. No claim was made under the FTCA, and the Court did not find that federal prisoners can pursue negligence claims against the United States under the FTCA based upon putative Eighth Amendment violations.

Plaintiff further asserts that he is bringing a Bivens claim against defendant under the Eighth Amendment based on health services staff's deliberate indifference to plaintiff's serious medical needs. However, a Bivens action will not lie against the United States, agencies of the United States, or federal agents in their official capacity. See FDIC v. Meyer, 510 U.S. at 486; Daly-Murphy v. Winston, 837 F.2d 348, 356 (9th Cir. 1987) ("An individual may not maintain a Bivens action for monetary damages against the United States."). Prisoners who claim deprivation of their constitutional rights by federal officers may bring a Bivens action only if the claim is alleged against a federal employee in his or her individual capacity. FDIC v. Meyer, 510 U.S. at 485-86; Vaccaro v. Dobre, 81 F.3d 854, 856 (9th Cir. 1996). Thus, plaintiff may not seek

////

redress against defendant United States under <u>Bivens</u> based on the alleged constitutional violations.

Finally, as argued by defendant, "[i]t is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued." <u>Gilbert</u>, 756 F.2d at 1458; <u>United States v. Dalm</u>, 494 U.S. 596, 608 (1990). The waiver must be unequivocally expressed. <u>See</u> <u>United States v. Testan</u>, 424 U.S. 392, 399 (1976). "[T]he United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims." <u>FDIC v. Meyer</u>, 510 U.S. at 478; <u>see also</u> <u>Thomas-Lazear v. F.B.I.</u>, 851 F.2d 1202, 1207 (9th Cir. 1988) ("the United States has not waived its sovereign immunity in actions seeking damages for constitutional violations.") Plaintiff offers no facts or evidence suggesting defendant waived sovereign immunity.

Accordingly, to the extent plaintiff purports to sue the United States for constitutional violations under <u>Bivens</u>, the court lacks subject matter jurisdiction over these claims, and such putative claims fail as a matter of law.

<u>Leave to Amend</u>

Although the Court would generally grant plaintiff leave to amend in light of his pro se status, amendment is futile in this instance because the deficiencies cannot be cured by amendment. See <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000); <u>Schmier v. U.S. Court of Appeals for the Ninth Circuit</u>, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend).

<u>Conclusion</u>

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that:

1. Defendant United States' motion to dismiss (ECF No. 27) be granted;

2. Plaintiff's FTCA and putative <u>Bivens</u> claims against the defendant United States be dismissed with prejudice; and

////

3. This case now proceeds on plaintiff's <u>Bivens</u> claims based on his Eighth Amendment claims against the remaining defendants.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 11, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/dona1178.mtd.ftca