UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JULIUS DONALDSON, | No. 2:21-cv-1178 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| MERRICK GARLAND, et al., | |
| Defendants. | |

Plaintiff is a federal prisoner, proceeding pro se. On October 31, 2022, plaintiff filed a request for assistance in locating defendant Tuttle, as well as a request for a subpoena duces tecum form directed to the Clerk of Court.

As discussed below, the undersigned grants plaintiff additional time to locate defendant Tuttle, and grants plaintiff leave to conduct early discovery solely for the purpose of locating defendant J. Tuttle's current address.

Background

On July 20, 2022, summons directed to defendant J. Tuttle was returned unexecuted noting Tuttle had "retired w/no forwarding address." (ECF No. 31.) Plaintiff was directed to provide a current address on a completed USM-285 form within sixty days. (ECF No. 34.) Plaintiff sought a ninety-day extension of time, but was granted an extension of thirty days on October 14, 2022. (ECF Nos. 35, 37.)

1

Discussion

In his current filing, plaintiff explains his difficulties in locating a current address for defendant Tuttle, as well as his pending and imminent release to a halfway house where he may have more access to resources that would enable him to locate the address for defendant Tuttle. In the meantime, plaintiff filed a request under the Freedom of Information Act in an effort to comply with the court's deadline. (ECF No. 39 at 2.)

A court may authorize early discovery for the convenience of parties and witnesses and in the interests of justice. Fed. R. Civ. P. 26(d). Generally, courts within the Ninth Circuit consider whether a plaintiff has shown "good cause" for early discovery. See, e.g., ZG TOP Technology Co., Ltd. v. Doe, 2019 WL 917418 (W.D. Wash. Feb. 25, 2019); Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 275-77 (N.D. Cal. 2002); Yokohama Tire Corp. v. Dealers Tire Supply, Inc., 202 F.R.D. 612, 613-14 (D. Ariz. 2001) (collecting cases and standards). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Semitool, 208 F.R.D. at 276.

"In evaluating whether a plaintiff establishes good cause to learn the identity of Doe defendants through early discovery, courts examine whether the plaintiff (1) identifies the Doe defendant with sufficient specificity that the Court can determine that the defendant is a real person who can be sued in federal court, (2) recounts the steps taken to locate and identify the defendant, (3) demonstrates that the action can withstand a motion to dismiss, and (4) proves that the discovery is likely to lead to identifying information that will permit service of process." ZG TOP Tech., 2019 WL 917418 at *2. "'[W]here the identity of alleged defendants [is not] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)).

////

Here, plaintiff identified the putative defendant as J. Tuttle, former health services administrator at the Federal Correctional Institution at Herlong, California, from 2017 until June of 2019. But because J. Tuttle retired from the Federal Bureau of Prisons and purportedly left no forwarding address, plaintiff must obtain a current address for J. Tuttle in order for the court to order service of process. This court has already found that plaintiff stated a potentially cognizable claim against J. Tuttle; defendants Allred and Tabor filed answers, and plaintiff has taken steps to serve defendant Tuttle, as well as to obtain Tuttle's current address.

Although plaintiff claims it is unlikely that he can obtain Tuttle's location through discovery, it appears that plaintiff will require Tuttle's complete name before a subpoena duces tecum could be propounded to the appropriate retirement agency, which the responding defendants are likely to know. Moreover, in light of the responding defendants' positions at FCI-Herlong, one of them may also know Tuttle's current address or perhaps the area to which defendant J. Tuttle retired, which would assist plaintiff in locating defendant Tuttle. Thus, the undersigned finds good cause and orders that plaintiff is allowed to conduct limited early discovery propounded to defendants Dr. D. Allred, Clinical Director, and T. Tabor, Physician's Assistant, solely as to defendant J. Tuttle's complete name and whether either defendant is aware of Tuttle's current address or the area to which Tuttle retired. See Semitool, 208 F.R.D. at 276; ZG TOP Tech., 2019 WL 917418 at *2 (good cause is shown where, considering the administration of justice, the need for expedited discovery outweighs prejudice to the party that is responding to the discovery).

In light of the above, the undersigned finds good cause exists to permit plaintiff to propound early limited discovery, in the form of interrogatories under Rule 33 of the Federal Rules of Civil Procedure, to defendants Allred and Tabor. Such interrogatories shall be limited to seeking the full name of defendant J. Tuttle, and inquiring whether or not either defendant is aware of defendant J. Tuttle's current address or area to which Tuttle retired from FCI-Herlong. No additional discovery is permitted at this time by any party.

In light of the above, the undersigned finds plaintiff's request for a subpoena form to be premature. Thus, plaintiff's request is denied without prejudice. Plaintiff is cautioned, however,

that because he proceeds in forma pauperis and seeks documents from a third party, any request for subpoena duces tecum is subject to court review and potential limitations.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request (ECF No. 39) is denied without prejudice;

2. Plaintiff's request for judicial intervention (ECF No. 40) is partially granted;

3. Plaintiff is permitted to propound early limited discovery as set forth above; and

4. Plaintiff is granted ninety days from the date of this order to comply with the court's August 2, 2022 order (ECF No. 34).

Dated:  November 28, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/dona1178.sdt

---

[1] Pursuant to Federal Rule of Civil Procedure 45(a)(2), a subpoena duces tecum may direct a non-party to an action to produce documents or other tangible objects for inspection. A subpoena must be personally served or it is null and void. Fed. R. Civ. P. 45(c); Gillam v. A. Shyman, Inc., 22 F.R.D. 475 (D. Alaska 1958). Because plaintiff is proceeding in forma pauperis, he is entitled to obtain personal service of an authorized subpoena duces tecum by the United States Marshal. 28 U.S.C. § 1915(d). However, this court must consider the following limitations before directing the United States Marshal to personally serve a prisoner's proposed subpoena duces tecum. A subpoena duces tecum is subject to the relevance standards set forth in Federal Rule of Civil Procedure 26(b)(1) ("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense"), and the considerations of burden and expense set forth in Federal Rules of Civil Procedure 26(b)(2) and 45(c)(1). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (requiring indigent plaintiff to demonstrate that he had "made provision for the costs of such discovery") (citing Cantaline v. Raymark Industries, Inc., 103 F.R.D. 447, 450 (S.D. Fla.1984)); see also Legal Voice v. Stormans Inc., 738 F.3d 1178, 1184 (9th Cir. 2013) (Courts "must order the party seeking discovery to bear at least enough of the cost of compliance to render the remainder 'non-significant.'"). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. Badman, 139 F.R.D. at 605.

In addition, a motion authorizing service of a subpoena duces tecum must be supported by: (1) clear identification of the documents sought and from whom, and (2) a showing that the records are obtainable only through the identified third party. See, e.g., Davis v. Ramen, 2010 WL 1948560, *1 (E.D. Cal. 2010); Williams v. Adams, 2010 WL 148703, *1 (E.D. Cal. 2010).