UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JULIUS DONALDSON, | No. 2:21-cv-1178 DJC KJN P |
| Plaintiff, | |
| v. | ORDER |
| MERRICK GARLAND, et al., | |
| Defendants. | |

    Plaintiff is a former federal prisoner, proceeding pro se and in forma pauperis, with this civil action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). Plaintiff requests that the court appoint counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

    The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The

burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.  Plaintiff's filings demonstrate that he is capable of explaining the basis of his claims and citing relevant case law.  In addition, he has now been released from custody.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 48) is denied without prejudice.

Dated:  April 20, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/dona1178.31