UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JULIUS DONALDSON, | No. 21-cv-1178 DJC KJN P |
| Plaintiff, | |
| v. | ORDER |
| MERRICK GARLAND, et al., | |
| Defendants. | |

Plaintiff is a former federal prisoner, proceeding pro se and in forma pauperis. This action proceeds on plaintiff's <u>Bivens</u> claims based on Eighth Amendment allegations against defendants Allred and Tabor contained in the amended complaint. (ECF Nos. 17, 42.) On May 30, 2023, plaintiff filed a motion for an extension of time to respond to a request for production of documents propounded by defendant Tabor. Plaintiff states he needs time to consult with an attorney on how to respond.

It is unclear on what date defendant Tabor propounded the discovery request. Plaintiff appears to seek an extension of 75 days. (ECF No. 51.) Neither defendant responded to plaintiff's motion, and the discovery deadline expired on June 23, 2023.

"The district court is given broad discretion in supervising the pretrial phase of litigation." <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Rule 16(b) provides that "[a] schedule may be modified only for good

1

cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).

Plaintiff filed this action pro se on June 29, 2021. Although plaintiff is proceeding without benefit of counsel, he is required to diligently prosecute the action he initiated. Also, plaintiff is required to cooperate in discovery.[1] Defendants are entitled to discover documents in plaintiff's possession or under his control that are relevant to plaintiff's claims pending in this action. Fed. R. Civ. P. 34.

In an abundance of caution, plaintiff is granted an extension of time to respond. However, plaintiff is granted sixty days in which to respond. The undersigned is not inclined to grant an additional extension of time. In light of such extension, the discovery deadline is extended to provide for the responses and defendant Tabor's review. Accordingly, the pretrial motions deadline is also extended. All parties shall refrain from filing a pretrial motion until discovery is completed.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 51) is partially granted.

2. Plaintiff is granted sixty days from the date of this order in which to respond to defendant Tabor's discovery requests.

3. The discovery deadline is extended to October 3, 2023.

4. The pretrial motions deadline is extended to January 5, 2024. All parties shall refrain from filing a pretrial motion until discovery is completed.

////

////

---

[1] Failure to cooperate in discovery may result in the imposition of sanctions, including, but not limited to, a recommendation that this action be dismissed. See Fed. R. Civ. P. 37(b)(2)(A) (sanctions may be imposed for failure to comply with a discovery order); Fed. R. Civ. P. 37(d)(3) (sanctions may be imposed for failure to serve answers to interrogatories or to respond to request for production of documents).

2

1    5. All other portions of the Discovery and Scheduling Order (ECF No. 46) remain in full
2 force and effect.
3 Dated: July 6, 2023

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE