UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JULIUS DONALDSON, | No. 2:21-cv-1178 DJC KJN P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

Plaintiff is a former federal prisoner proceeding pro se with an action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). On February 7, 2024, plaintiff was ordered to file, within thirty days, an opposition to defendants' motion for summary judgment, and cautioned that failure to do so would result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Thirty days have now passed, and plaintiff has not filed an opposition or otherwise responded to the order. As set forth below, the undersigned recommends that this action be dismissed.

A. Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Id. District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where

1

appropriate, . . . dismissal." Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Ferdik, 963 F.2d at 1260-61; Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

B. Discussion

This action was filed on June 29, 2021, and a discovery and scheduling order issued on February 28, 2023. Discovery is closed, and on January 5, 2024, defendants filed a motion for summary judgment. Plaintiff did not file an opposition, and despite being granted an additional thirty days in which to oppose the motion, has again failed to file one. On this record, the undersigned finds that both the first and second Ferdik factors weigh in favor of dismissal. The court cannot effectively manage its docket if plaintiff stops litigating his case, and such failure prevents an expeditious resolution of this action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006) (district courts "have an inherent power to control their dockets."). "The public's interest in expeditious resolution of litigation always favors dismissal." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)).

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976).

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. Pagtalunan, 291 F.3d at 643. However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. In re Phenylpropanolamine, 460 F.3d at 1228 (citation omitted).

Finally, the court's warning to a plaintiff that failure to obey the court's order will result in dismissal satisfies the consideration of less drastic sanctions requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The February 7, 2024 order expressly warned plaintiff that his failure to file an opposition would result in a recommendation that this action be dismissed. At this stage of the proceedings, there are no lesser sanctions the court could impose while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff proceeds in forma pauperis, which makes the imposition of monetary sanctions ineffective, and the preclusion of evidence or witnesses would have little impact in a case where plaintiff has stopped litigating.

The undersigned finds that evaluation of the Ferdik factors weighs in favor of dismissing this action.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 18, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

/dona1178.57F

3